IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division


FRANK A. ROBINSON,

    Plaintiff,

v.                        CIVIL ACTION NO. 3:04CV149

HELEN FAHEY, et al.,

    Defendants.


**MEMORANDUM OPINION**

Plaintiff, Frank A. Robinson, a Virginia state prisoner proceeding pro se, brings this § 1983 action against the defendants, who were all members of the Virginia Parole Board, attacking the decision denying him discretionary parole. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 636 and 1343. Defendants have filed their motion to dismiss.[1]

In ruling on a motion to dismiss, the Court must accept all properly pled allegations of the complaint as true and construe all facts in the light most favorable to the plaintiff. Flood v. New Hanover County, 125 F.3d 249, 251 (4th Cir. 1997). The Fourth Circuit has made it clear that "[a] Rule 12(b)(6) motion to dismiss should not be granted unless it appears certain that the plaintiff

---

[1] Defendants' motion was for dismissal or, in the alternative, for summary judgment. The Court has elected to rule only on the motion to dismiss.

1

can prove no set of facts which would support [his claims] and would entitle [him] to relief." T.G. Slater & Son, Inc. v. Donald P. & Patricia A. Brennan, LLC, 385 F.3d 836, 841 (4th Cir. 2004).

From the facts alleged in the complaint, it appears Robinson and David Atkins committed two armed robberies together and were convicted of them in 1992. Robinson received sentences totaling thirty years and Atkins received sentences totaling twenty-five years. Neither Robinson nor Atkins had a prior criminal record. Defendant Helen Fahey held the position of Commonwealth Attorney in one of the jurisdictions at the time.

Robinson became eligible for parole in 1998, was considered for release annually thereafter, but remains incarcerated. The reasons given for the denials of parole were: "Serious nature and circumstances of the offense." Atkins, on the other hand, was granted discretionary parole on July 9, 2001. Robinson asserts five claims:

1. Plaintiff alleges that defendant Helen F. Fahey, by virtue of having acted as Commonwealth's Attorney in the underlying criminal proceedings resulting in the convictions and sentences upon which the plaintiff's parole eligibility is predicated, and thereafter, serving i[n] the capacity of Parole Board Chair as a fact finder in connection with the same convictions and sentences, constitutes a conflict of interest and identity which serves to deprive the plaintiff of due process in violation of the 5th, 6th, and 14th Amendments to the Constitution of the United States.

2. Plaintiff alleges that the defendants, in deeming him unsuitable for discretionary parole based on the boiler plate reason of "serious nature and

> circumstances of offense," where said defendants knew or should have known that plaintiff's co-defendant, David Atkins, had been granted parole on the same offenses, constituted arbitrary and capricious acts, and abuse of discretion by the defendants, thereby, depriving plaintiff of a full and fair parole review, in violation of the 5th and 14th Amendments to the Constitution of the United States.

3. Plaintiff alleges that defendants Fahey, Harker, and Sievers, in arbitrarily and capriciously failing and refusing to apply the same criteria to the facts and circumstances of plaintiff's case in his parole reviews, as was applied to the facts and circumstances of co-defendant David Atkins' case, constituted an abuse of discretion which served to deprive plaintiff of due process of law and other rights under the 5th, 9th and 14th Amendments to the Constitution of the United States.

4. Plaintiff alleges that defendants Fahey and Harker acted arbitrary [sic] and capriciously, and abused their discretion, when they denied him consideration on his parole appeal on the boiler plate reason of "serious nature and circumstance of offense," where said defendants knew or should have known that plaintiff's co-defendant, David Atkins, had been granted parole on the same offenses, thus depriving plaintiff of a full and fair parole review and due process of law in violation of the 5th, 9th and 14th Amendments to the Constitution of the United states.

5. Plaintiff alleges that the defendants, acting in concert and collusion, deprived plaintiff of his rights under state law, by acting arbitrary and capricious, and abusing their authority and discretion, in failing and refusing to afford plaintiff his rights to a full and fair parole review as codified under Virginia Code § 53.1-155 and mandated by the decision of <u>Franklin v. Shields</u>, 569 F.2d 784 (4th Cir. 1979) [sic], in violation of the Virginia Constitution and the United States Constitution.

For the alleged transgressions, Robinson seeks monetary

damages from the defendants as well as injunctive relief mandating reconsideration of his parole decision.

At the outset, all claims for damages will be dismissed. All of the defendants are members of the Virginia Board of Parole who are being sued on account of decisions they made in determining whether Robinson should be granted parole. Consequently, they are entitled to absolute immunity under Pope v. Chew, 521 F.2d 400, 405-06 (4th Cir. 1975)(parole officials involved in quasi judicial functions when considering parole applications are entitled to absolute personal immunity).

Virginia courts have made clear that the Virginia Parole Board is "given absolute discretion in matters of parole." Garrett v. Commonwealth, 415 S.E.2d 245, 247 (1992). The Fourth Circuit has held that the Virginia discretionary parole scheme does not grant an inmate a liberty interest in parole. Gaston v. Taylor, 946 F.2d 340, 344 (4th Cir. 1991). But see Franklin v. Shields, 569 F.2d 784, 800, 801 (4th Cir. 1978)(en banc)(finding inmates have a limited liberty interest in parole entitling them to a statement of reasons for denial of parole). Here, Robinson received a statement of the reason for denial of parole. That is, and was, the most to which he was entitled. Contrary to the Defendants' position, the requirement that a reason be given is not to permit

4

judicial review of the validity of the reason.[2] Its purpose is to let the inmate take advantage of whatever internal remedies he might have to contest denial of parole. To put it plainly, a Virginia inmate's liberty interest in parole, if it exists at all, is so insignificant that he has no due process right to contest the validity of a reason given for denial of parole. See Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996).[3] A Virginia inmate has,

---

[2] Defendants argue, "Due process requires the VPB to inform the inmate the reasons for the denial so as to allow the courts to determine whether the inmate has been fairly considered for parole." Memorandum in Support of Defendants' Motion to Dismiss or, in the Alternative Motion for Summary Judgment, filed October 25, 2004 [docket entry 22] at p. 7. The case cited in support of the proposition was the panel decision in Franklin v. Shields 569 F.2d 784 (4th Cir. 1977), which held inmates were entitled to a broad set of procedural safeguards during parole proceedings, including the right to review their files, to call witnesses at hearings, limited right to counsel and a detailed set of criteria for parole decisions. The panel decision was vacated by the court sitting en banc. The en banc court held that, "the only explicit constitutional requisite is that the Board furnish to the prisoner a statement of its reasons for denial of parole." Franklin v. Shields, 569 F.2d 784, 800, 801 (4th Cir. 1978)(en banc). In any event, the suggestion that the Constitution requires judicial review of a parole decision to determine the validity of the reason given for denial of parole is nowhere to be found in the en banc opinion.

[3] In Vann v. Angelone, 73 F.3d 519, 522 (4th Cir. 1996), an inmate challenged the decision of the Virginia Department of Corrections declaring him ineligible for parole because of convictions of three separate offenses of robbery that were not part of a common scheme. He claimed the decision that two of the robberies were separate rather than part of a common scheme was arbitrary, standardless and contrary to law. The court stated:

> We reject petitioner's attempt to draw this court into the merits of either the state's parole statute or its individual parole decisions. To accept the invitation to review Vann's parole eligibility determination would require us to second guess both the

at most, a due process right to be given *a reason* for denial of parole. He does not have a due process right to *judicial review of the validity* of the reason given.

Accordingly, all claims will be dismissed and all pending motions will be denied as moot.[4] The Clerk of Court is DIRECTED to send a copy of the Memorandum Opinion and the accompanying Order to Plaintiff and all counsel of record.

/s/_____
David G. Lowe
UNITED STATES MAGISTRATE JUDGE


Richmond, Virginia
Date: April 14, 2005

---

> Virginia DOC and the Virginia General Assembly. We would, for example have to assess the facts and circumstances surrounding Vann's robberies, evaluate the DOC's reasons for denying Vann parole, compare the decision in Vann's case with others . . . .

Id. at 522. Just as in Vann, Robinson here would require this Court 1) review the facts and circumstances surrounding the robberies he and Atkins committed; 2) determine the relative roles he and Atkins may have played in them; and 3) compare those facts, circumstances and roles with all other cases where inmates have committed similar offenses. Only then could an attempt be made to determine the propriety of the Board's decision that Robinson should not be paroled.

[4]Because the issues raised are being decided pursuant to Fed. R. Civ. P. 12(b)(6), the Court has not considered any of the materials submitted by the parties in support of or in response to the motion for summary judgment. Accordingly, there is no need to rule on the validity or authenticity of any of those materials.

1

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division**

FRANK A. ROBINSON,

    Plaintiff,

v.                                      CIVIL ACTION NO. 3:04CV149

HELEN FAHEY, <u>et al.</u>,

    Defendants.

## **ORDER**

In accordance with the accompanying Memorandum Opinion, it is ORDERED that the motion to dismiss is GRANTED; all other pending motions are DENIED as moot; and the action is DISMISSED

Let the Clerk send a copy of the Order and accompanying Memorandum Opinion to Plaintiff and all counsel of record.

And it is so ORDERED.

                                              <u>/s/</u>_____
                                              David G. Lowe
                                              UNITED STATES MAGISTRATE JUDGE

Richmond, Virginia
Date: April 14, 2005